Green, J.
delivered the opinion of the court.
1. As to the first objection taken by the counsel for the plaintiff in error, that the production of the newspaper in which the advertisement was printed ought to have been required by the court, because it was the best evidence of that fact, the court did not err. This case does not fall within *311 the rule of evidence which the counsel seeks to apply. The work and labor for which this suit is brought was done upon the paper, and the work so done is no more required to be produced in open court than would any other work. As well might the tailor be required to produce the coat or the watch-maker the watch as evidence that the work had been performed.
2. But the court erred in instructing the jury that the defendant was liable to pay for advertising every tract which had been published at his request unless he had shown that he offered the lands thus advertised for sale at the time and place appointed by law, and that no person would bid the amount of taxes, costs and charges thereon.
The plaintiff cannot recover upon the special count, because the defendant, as sheriff of Obion county, in the capacity of a public officer, employed him to do the work. It is well settled by many adjudications that if an agent makes a contract on behalf of government he is not personally responsible. See 2 Kent’s Commentaries, 632, and authorities there cited.
As the defendant is not liable upon a special contract for the printing the plaintiff can only recover on the count for money had and received to his use, and he must prove that the money was so received. We do not concur with the circuit court in the opinion that the reception of the money is to be inferred from the facts that the land was levied on and advertised. This would require of us to presume two facts: first, that the sheriff did his duty and exposed the land to sale; and second, that they sold for an amount sufficient to pay the taxes, costs and charges. Now, we have no better guarantee for presuming these facts in this case than in any other case where an execution may have come into the hands of the sheriff and a levy on land and an advertisement have been made. In such case, in a suit by the plaintiff in the execution or by any one interested in recovering the costs for money had and received, it would hardly be contended that proof of a levy and advertisement was evidence from which we might presume the land was sold, and that the amount bid was sufficient to satisfy the execution; and yet there is *312 do difference in principle in the two cases. We think, therefore, that the court erred in the instruction to the jury, and that the judgment must be reversed and the cause remanded for another trial.